UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11576-MWC-MBK Date: February 25, 2026

Title: Maren Anderson *et al.* v. National Collegiate Athletic Association *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |

**Proceedings: (IN CHAMBERS) Order DENYING Defendants' *Ex Parte* Application to Continue Hearing on Motion to Dismiss (Dkt. [25])**

Before the Court is Defendants National Collegiate Athletic Association and Turner Sports Interactive, Inc.'s (collectively, "Defendants") *ex parte* application to continue the hearing on Defendants' motion to dismiss (the "Application"). *See* Dkt. # 25 ("*App.*"). Plaintiffs Maren Anderson and Valeria Gonzalez (collectively, "Plaintiffs") did not oppose. For the following reasons, the Court **DENIES** the Application.

I. Background

Though this case is only months old, Defendants have attempted to modify the Court's schedule several times already. First, the Parties stipulated to extend Defendants' time to answer Plaintiffs' complaint. *See* Dkt. # 14. That request included a proposed, protracted briefing schedule on Defendants' motion to dismiss. *See id.* Defendants proposed noticing the hearing on their motion to dismiss for May 1, 2026. *See id.* The Court granted Defendants' request for an extension of time to respond to Plaintiffs' complaint, but the Court's order included language noting that it denied "the Parties' requested relief concerning their proposed briefing schedule on Defendants' potential motion to dismiss." *See* Dkt. # 20.

Such clarity would not dissuade Defendants. Three days after the Court denied their protracted briefing schedule and extended hearing date, Defendants noticed their motion to dismiss for May 1, 2026. *See* Dkt. # 21. The following day, the Court advanced the hearing on Defendants' motion to dismiss to March 27, 2026. *See* Dkt. # 23.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:25-cv-11576-MWC-MBK Date: February 25, 2026

Title: Maren Anderson *et al.* v. National Collegiate Athletic Association *et al.*

But perhaps the third time would be the charm. Defendants return to the Court with an *ex parte* application asking the Court to continue the hearing on their motion to dismiss by at least two weeks. *See App.* They explain that "Defendants' counsel has a pre-planned and pre-paid trip to Japan from March 27, 2026, through April 5, 2026," rendering David Singh unavailable for the Court's March 27, 2026, hearing. *See id.* 2.

II. Legal Standard

"Circumstances justifying the issuance of an ex parte order are extremely limited." *Reno v. Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438–39 (1974)). In this District, *ex parte* applications are solely for extraordinary relief and are rarely justified. *Mission Power Eng'g Co. v. Cont'l Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). A party filing an *ex parte* application must support its request for emergency relief with "evidence . . . that the moving party's case will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures," and a showing "that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." *Id.* at 492. "Ex parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* at 493 (internal quotation marks omitted).

Federal Rule of Civil Procedure ("Rule") 16 governs any modification to the court's schedule. Fed. R. Civ. P. 16(b). Under Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). In other words, if the schedule could not have been met despite the diligence of the party seeking the extension, modification may be appropriate. *See id.* If the party was not diligent, however, the inquiry ends. *See id*.

III. Discussion

Defendants do not engage the *Mission Power* factors, which alone is enough for the Court to deny their requested relief. They offer no explanation as to why Mr. Singh's vacation constitutes good cause or demonstrates diligence under Rule 16. Nor do they

explain why the three other attorneys who have entered an appearance are incapable of representing Defendants at the motion to dismiss hearing.[1] And they do not acknowledge that the Court has twice denied their request to hear the motion two and a half months after Defendants filed it. But still they ask the Court to grant their requested relief. Without a sufficient basis to modify its schedule—and considering that the Court has twice denied Defendants' request to delay the hearing on their motion to dismiss—the Court cannot do so.

IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' Application.[2] Counsel is admonished not to file this request for a fourth time. Refiling this request for continuance or for a modification of the Court's schedule without good cause may subject counsel to Rule 11 sanctions.

**IT IS SO ORDERED.**

:

**Initials of Preparer** TJ

[1] Nor can the Court discount that Defendants' firm has hundreds of other litigators in the United States who could presumably assist with the hearing.

[2] Despite its analysis as to the hearing date, the Court may choose to decide Defendants' motion on the papers alone. *See* Fed. R. Civ. P. 78; L.R. 7-15.