DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.

(*Additional Counsel Listed on Signature Page*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

MAREN ANDERSON and VALERIA GONZALEZ,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.,

Defendants.

Case No. 2:25-cv-11576-MWC-MBK

**DEFENDANTS' ANSWER TO COMPLAINT**

## INTRODUCTION

Defendants National Collegiate Athletic Association ("NCAA") and Turner Sports Interactive, Inc. ("Turner") (together, "Defendants"), by and through their undersigned counsel, answer the Complaint filed by Plaintiffs Maren Anderson and Valeria Gonzalez on December 5, 2025 (the "Complaint"), and allege additional defenses as follows. Unless otherwise noted, all references to a specified paragraph refer to the numbered paragraphs in the Complaint. Furthermore, the section headings included herein are included only for purposes of clarity and organization, and Defendants do not admit, but rather hereby specifically deny, any factual or legal allegations in the headings used in the Complaint. *See* Fed. R. Civ. P. 10(b).

By submitting this Answer, Defendants expressly preserve and do not waive any applicable rights, defenses, or objections. Defendants also expressly reserve the right to amend and/or supplement this Answer and its defenses based on, *inter alia*, discovery, factual developments, and Defendants' ongoing investigation of Plaintiffs' claims. No incidental or implied admissions are intended by this Answer. Unless expressly stated herein, nothing in this Answer should be construed as an admission of any allegations contained in the Complaint.

## NATURE OF THE CASE

1. Paragraph 1 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that they have been named as Defendants in this lawsuit but otherwise deny the allegations in Paragraph 1 of the Complaint.

2. Defendants deny the allegations of Paragraph 2 of the Complaint.

3. Defendants deny that the "Trackers" share "personal data" as pled in the first sentence of Paragraph 3 of the Complaint, deny the last sentence of Paragraph 3 of the Complaint, deny the advertisements are "relentless and seemingly inescapable," and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 3, which refer to the alleged conduct of third parties.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 4 of the Complaint.

5. Paragraph 5 states legal conclusions to which no response is required. To the extent that a response is required, Defendants deny the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint contains legal contentions or conclusions to which no response is required. To the extent a response is required, Defendants admit that there are 59 NCAA member schools in California, that Turner operates the NCAA.com website (the "Website"), which allows visitors to sign up for newsletters, and that the NCAA.com Privacy Policy links to a state supplement specific to California residents. Defendants otherwise deny the allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains legal contentions and/or conclusions to which no response is required.

## THE PARTIES

9. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 9 of the Complaint.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 10 of the Complaint.

11. Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12. Defendants admit that Turner is a Georgia corporation that operates the Website, that it is ultimately owned by Warner Bros. Discovery, Inc., and that it operates certain digital properties. Defendants deny that Turner has its principal place of business

in Lawrenceville, Georgia, and aver that Turner's principal place of business is Atlanta, Georgia.

## FACTUAL ALLEGATIONS

### I. CIPA

13. Paragraph 13 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 630 *et seq*., for a complete and accurate statement of its terms.

14. Paragraph 14 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute itself, CIPA §§ 638.50 & 638.51, for a complete and accurate statement of its terms.

15. Paragraph 15 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute itself, CIPA § 637.2, for a complete and accurate statement of its terms.

### II. IP Addresses

16. Defendants admit that an IP address is a numerical identifier assigned to devices that function as an essential addressing system of the internet and is necessary for routing certain internet communications to the correct location. Defendants otherwise deny the allegations in Paragraph 16.

17. Defendants admit that IP addresses can reveal certain geographical location information, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, which refer to what advertisers may do with IP addresses.

18. Defendants admit that devices may be associated with different IP addresses, but otherwise deny knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 18 of the Complaint, which refers to what unspecified "businesses" and "companies" may do with IP addresses.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 19 of the Complaint. The second sentence of Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Europe's General Data Protection Regulation ("GDPR") contains the quoted language and respectfully refer the Court to the GDPR for a complete and accurate statement of its terms.

## III. Cookies, Fingerprinting, and Identity Syncing/Resolution

20. Defendants admit that cookies are computer files that may be stored on individuals' browsers in certain circumstances. Defendants admit that cookies can enable a website to recognize returning device browser combinations to a website and preferences associated with a recognized device browser combination. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint, including that cookies consist of unique strings of text in all instances.

21. Defendants admit that first-party cookies are created and stored in connection with the website that a user is visiting, that third-party cookies can recognize a device-browser combination, and that third-party cookies are created and stored by someone other than the first-party website owner. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint.

22. Defendants admit that cookies are assigned certain values, that they are restricted in size, and that they perform certain functions, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in the first sentence of Paragraph 23, and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint, which refer to interactions between third parties.

25. Defendants admit that the cited webpages in Paragraph 25 state that Google had planned to phase out third-party cookies by the end of 2024 but ultimately did not do so, and admit that various web browsers have restrictions on third-party cookies. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents. Defendants aver that the link to the first cited source in Paragraph 25 is not functional.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendants admit that the cited articles in Paragraph 27 contain the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, which refer to the conduct of third parties.

28. Defendants admit third-party cookies are stored client-side. Defendants deny that all of the quoted language in Paragraph 28 of the Complaint appears on the cited webpage, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, which refer to the conduct of third parties.

**IV. The Digital Advertising Marketplace**

30. Defendants admit that the cited article contains the quoted language in Paragraph 30 of the Complaint, deny that real-time bidding is at the "heart" of "this case," and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint and respectfully refer the Court to the full article for a complete and accurate statement of its contents.

31. Defendants admit that the articles cited in Paragraph 31 of the Complaint discuss supply side and demand side platforms, and other entities involved in digital advertising. Defendants admit that publishers and other platforms can be part of the real-time bidding process. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint and respectfully refer the Court to the full articles for a complete and accurate statement of their contents.

32. Defendants admit NCAA.com offers advertising slots to advertisers, and that the cited article contains the language quoted in Paragraph 32 of the Complaint. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint and respectfully refer the Court to the full article for a complete and accurate statement of its contents.

33. Defendants admit that the article cited in Paragraph 33 contains the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, including how SSPs help publishers in all instances, and respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

34. Defendants admit that the articles cited in Paragraph 34 of the Complaint contain the quoted language. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint and respectfully refer the Court to the cited articles for a complete and accurate statement of their contents.

35. Defendants admit that advertising servers may be used in connection with online advertising campaigns, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35.

36. Defendants admit that the article cited in Paragraph 36 contains the quoted language and advertisers may use demand-side platforms to bid on advertising slots offered by publishers, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 and respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37, including as to how real-time bidding works in all instances. Defendants aver that the quoted language does not appear in the cited sources in Paragraph 37.

38. Defendants admit that online advertisements can be placed through a real-time bidding process, but deny knowledge or information as to how this works in all instances, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38.

39. Defendants admit that some data may be more valuable than others for targeted advertising purposes, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Cal. Civ. Code §§ 1798.99.80 and 1798.99.82 contain the quoted language, and respectfully refer the Court to the statute for a complete and accurate statement of its terms.

41. Defendants deny knowledge or information sufficient to form a belief as to what OpenX, Wunderkind and other purported data brokers may do, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41.

42. Defendants admit that the cited article contains the language quoted in Paragraph 42. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint and respectfully refer the Court to the cited article for a complete and accurate statement of its contents.

**V. Defendants' Surreptitious Installation and Use of Third-Party Trackers**

43. Defendants admit that in some circumstances individuals' browsers send an HTTP or GET request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but deny the allegations in Paragraph 43 of the Complaint accurately describe individuals' interactions with the Website in all instances.

38. Defendants admit that third-party trackers may cause certain information to be sent from the user's browser, but otherwise deny the allegations of Paragraph 38 of the Complaint.[1]

44. Defendants deny that in all instances the allegations contained in Paragraph 44 of the Complaint are accurate.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint, which purport Defendants "install" third-party trackers "at the expense of users' privacy."

46. Paragraph 46 states legal conclusions as to whether Plaintiffs suffered an economic injury to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 states legal conclusions as to whether Plaintiffs suffered an economic injury to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny that Defendants are responsible for the interception and disclosure of visitors' communications as alleged in Paragraph 48 of the Complaint and

[1] The Complaint contains a typographical error and lists two paragraphs as Paragraph 38. This response refers to the second of these two paragraphs.

otherwise deny the accuracy of the remaining allegations of Paragraph 48 of the Complaint.

49. Defendants deny that no users consented to the alleged conduct, and thus deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants admit that they obtain IP addresses from individuals that visit the Website for purposes of displaying the Website to them, but otherwise deny the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have pled the disclosure of information that is covered by CIPA § 638.51.

**A. <u>The Adform Tracker</u>**

52. Defendants admit that they used Adform technology at different points in time but otherwise deny the allegations contained in Paragraph 52 of the Complaint.

53. Defendants admit that the cited webpages in Paragraph 53 contain the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents.[2]

54. Defendants admit that in some circumstances individuals' browsers send an HTTP or GET request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but deny the allegations in Paragraph 54 of the Complaint accurately describe individuals' interactions with the Website in all instances.

55. Defendants admit that the cited webpages in Paragraph 55 contain the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint and respectfully

---

[2] Paragraph 53 contains an open quotation mark in the last sentence, but the language in that sentence does not appear in the cited sources.

refer the Court to the cited webpages for a complete and accurate statement of their contents.

56. Defendants admit that the cited webpages contained the language quoted in Paragraph 56 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents.

57. Defendants admit that Adform offers various services, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

**1. Audiencerate**

58. Defendants admit Audiencerate appears on the cited registration website, and that the webpages cited in Paragraph 58 of the Complaint contain the language quoted in Paragraph 58. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents.

59. Defendants admit that the cited webpages in Paragraph 59 contain the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, including what "Website visitors' browsers may" do, and respectfully refer the Court to the webpages for a complete and accurate statement of their contents.

60. Defendants admit that the cited webpage in Paragraph 60 contains the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint and respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents.

61. Defendants admit that the webpage cited in Paragraph 61 contains the quoted language, but deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in Paragraph 61 of the Complaint and respectfully refer the Court to the full webpage for a complete and accurate statement of its contents.

62. Defendants deny that the screenshot in Paragraph 62 shows the actual transmissions from Plaintiffs' browsers, and deny knowledge or information as to whose browser or screenshot this is. Defendants further deny that the screenshot accurately reflects users' experiences in all instances, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint.

**2. <u>OpenX</u>**

63. Defendants admit OpenX appears on the cited registration webpage, and that the cited webpage contains the quoted language in Paragraph 63 of the Complaint. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint and respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents.

64. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 64 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

65. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 65 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65, including what "Website visitors' browsers *may*" do, and respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

66. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 66 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 and

respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

67. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 67 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 and respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

68. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 68 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 and respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

69. Defendants admit that the cited OpenX Privacy Policy contains the quoted language in Paragraph 69 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 and respectfully refer the Court to the OpenX Privacy Policy for a complete and accurate statement of its contents.

70. Defendants admit that the cited webpages in Paragraph 70 contain the quoted language, except aver that the sources do not refer to "IP data" but rather "1P" (i.e., first party) data. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents.

71. Defendants deny the allegations contained in Paragraph 71 of the Complaint, including that they have "prioritized their commercial interests over users' privacy rights."

72. Defendants deny that the screenshot in Paragraph 72 shows the actual transmission from Plaintiffs' browsers, and deny knowledge or information as to whose browser or screenshot this is. Defendants further deny that this screenshot accurately

reflects users' experience in all instances, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72 of the Complaint.

**B. <u>The Adnxs Tracker</u>**

73. Defendants admit that Microsoft acquired Xandr, Inc. in 2021, but aver that such trackers would be on Plaintiffs' browsers, and thus deny that the Adnxs Tracker is "installed" on the Website as Plaintiffs plead in Paragraph 73. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74. Defendants admit that in some circumstances individuals' browsers send an HTTP or GET request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but deny the allegations in Paragraph 74 of the Complaint accurately describe individuals' interactions with the Website in all instances.

75. Defendants admit that certain quoted language appears in the article cited in Paragraph 75, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint.

76. Defendants admit that the cited article in Paragraph 76 contains the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint are accurate in all instances, and otherwise deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants admit that the cited webpages contain the language quoted in Paragraph 78 of the Complaint, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78, which refers to how Microsoft allegedly uses cookies.

79. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79, which refer to the alleged conduct of third parties.

80. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, which refer to the alleged conduct of Adnxs.

81. Defendants admit that advertisements may appear on the Website in certain circumstances, but otherwise deny the allegations contained in Paragraph 81 of the Complaint, including that Defendants "enable" other parties to deliver advertisements.

82. Defendants admit that the cited webpage in Paragraph 82 contains the quoted language, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82, which refers to the alleged conduct of third parties.

83. Defendants admit that advertisements may appear on the Website in certain circumstances, but deny that Defendants "have prioritized their commercial interests over users' privacy rights[,]" and deny that no users consented to the alleged conduct, and otherwise deny the allegations of Paragraph 83 of the Complaint.

84. Defendants deny that the screenshot in Paragraph 84 shows the actual transmissions from Plaintiffs' browsers, and deny knowledge or information as to whose browser or screenshot this is. Defendants deny that this screenshot accurately reflects users' experiences in all instances, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 of the Complaint.

**C. <u>The Bounce Exchange Tracker</u>**

85. Defendants admit that the Bounce Exchange Tracker is owned by Wunderkind. Defendants deny knowledge or information sufficient to form a belief as to whether Wunderkind developed the Bounce Exchange Tracker, and otherwise deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants admit that in some circumstances individuals' browsers send an HTTP or GET request when they visit the Website, and the Website sends an HTTP response in certain circumstances, but deny that the allegations in Paragraph 86 of the Complaint accurately describe individuals' interactions with the Website in all instances.

87. Defendants admit Wunderkind appears on the cited registration webpage, and that the webpages cited in Paragraph 87 contain the quoted language, with the exception of the webpage cited in the last sentence. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint and respectfully refer the Court to the cited webpages for a complete and accurate statement of their contents.

88. Defendants admit that the Wunderkind Privacy Policy contains the language quoted in Paragraph 88, but otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint and respectfully refer the Court to the Wunderkind Privacy Policy for a complete and accurate statement of its contents.

89. Defendants deny knowledge or information as to what Wunderkind does in all instances, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Complaint. Defendants also aver that the link provided for the cited webpage is not functional.

90. Defendants deny knowledge or information as to what Wunderkind does in all instances, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 of the Complaint. Defendants also aver that the link provided for the cited webpage is not functional.

91. Defendants admit that the article cited in Paragraph 91 contains the quoted language and respectfully refer the Court to the full article for a complete and accurate statement of its contents. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91, which deals with the conduct of third parties.

92. Defendants admit that the Wunderkind Privacy Policy contains the language quoted in Paragraph 92 and respectfully refer the Court to the Wunderkind Privacy Policy for a complete and accurate statement of its terms. Defendants otherwise deny knowledge or information sufficient to form a belief as to truth of the allegations in Paragraph 92 of the Complaint, which refers to alleged conduct of Wunderkind.

93. Defendants admit that the cited webpage contains the language quoted in Paragraph 93. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93, including what Wunderkind "may" do, and respectfully refer the Court to the cited webpage for a complete and accurate statement of its contents.

94. Defendants deny knowledge or information sufficient to form a belief as to what Wunderkind does in all instances, and otherwise deny knowledge or information sufficient to form a belief as to the truth the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny knowledge or information as to what "bounceClientVisitXXXXc" is designed to collect, and whether it "installs" cookies on Website users' browsers in all instances, and thus deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint.

96. Defendants deny the allegations in Paragraph 96 of the Complaint, including that the technology works in exactly the way described, and deny that they have engaged in "unauthorized data sharing" or that they "have prioritized their commercial interests over users' privacy."

97. Defendants deny that the screenshots in Paragraph 97 show the actual transmissions from Plaintiffs' browsers, and deny knowledge or information as to whose browser or screenshots these are. Defendants further deny that the screenshots accurately reflect users' experiences in all instances, and otherwise deny knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 97 of the Complaint.

98. Defendants deny that the images in Paragraph 98 show the actual transmissions from Plaintiffs' browsers, and deny knowledge or information as to whose browser or screenshots these are. Defendants further deny that the images accurately reflect users' experiences in all instances, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98 of the Complaint.

**VI. <u>Plaintiffs' Experiences</u>**

<u>Plaintiff Maren Anderson</u>

99. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 102 of the Complaint.

103. Paragraph 103 contains legal contentions or conclusions to which no response is required.

104. Paragraph 104 contains legal contentions or conclusions to which no response is required. To the extent a response is required, Defendants deny that they were required to obtain a court order here.

<u>Plaintiff Valeria Gonzalez</u>

105. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 105 of the Complaint.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint.

108. Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 108 of the Complaint.

109. Paragraph 109 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations contained in Paragraph 109 of the Complaint.

110. Paragraph 110 contains legal contentions or conclusions to which no response is required. To the extent a response is required, Defendants deny that they were required to obtain a court order here.

## CLASS ACTION ALLEGATIONS

111. Paragraph 111 of the Complaint contains legal contentions and/or conclusions to which no response is required. Defendants admit that Plaintiffs purport to bring a lawsuit on behalf of a specified class. To the extent that a further response is required, Defendants deny that this suit may be maintained as a class action.

112. Paragraph 112 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

113. Paragraph 113 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

114. Paragraph 114 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

115. Paragraph 115 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

116. Paragraph 116 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

117. Paragraph 117 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

118. Paragraph 118 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

119. Paragraph 119 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent that a response is required, Defendants deny that this suit may be maintained as a class action.

## CAUSES OF ACTION

## COUNT ONE

## VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT

## CAL. PENAL CODE § 638.51

120. Defendants incorporate the responses contained in Paragraphs 1 through and including 119 above as if fully set forth herein.

121. Paragraph 121 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute itself, CIPA § 638.51, for a complete and accurate statement of its terms.

122. Paragraph 122 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer the Court to the statute itself, CIPA § 638.51, for a complete and accurate statement of its terms.

123. Paragraph 123 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendants respectfully refer

the Court to the statute itself, CIPA § 638.51, for a complete and accurate statement of its terms.

124. Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. Paragraph 125 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs have alleged disclosure of information covered by CIPA § 638.51.

126. Paragraph 126 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 126 of the Complaint.

127. Paragraph 127 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants deny that they were required to obtain a court order as suggested in Paragraph 127.

128. Paragraph 128 of the Complaint contains legal contentions and/or conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 128 of the Complaint.

## **PRAYER FOR RELIEF**

129. Defendants deny that this suit may be maintained as a class action, denies Plaintiffs are entitled to any of the relief requested, and specifically denies each of the requests for relief enumerated in Plaintiffs' Prayer for Relief, ¶¶ A-G.

Wherefore, Defendants, having fully answered the Complaint, pray for judgment as follows:

A. That the Complaint be dismissed in its entirety with prejudice;

B. That Plaintiffs take and recover nothing against Defendants by virtue of their claims; and

C. That the Court grant Defendants such other and further relief as the Court

may deem just and proper.

**JURY DEMAND**

130. Defendants admit that Plaintiffs have demanded a trial by jury. Defendants also request a jury trial for all issues so triable by a jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**DEFENSES**

131. Without waiving and hereby expressly reserving the right to assert any and all defenses based on, inter alia, discovery and factual development, Defendants assert the following defenses to the claims asserted in the Complaint and do not concede they have the burden of proof with respect to these defenses:

**FIRST DEFENSE**

**(Failure to State a Claim)**

132. Plaintiffs (and putative class members) fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

**(Lack of Standing)**

133. Plaintiffs' claims (and those of putative class members) are barred, in whole or in part, because Plaintiffs lack standing, including Article III standing.

**THIRD DEFENSE**

**(Lack of Causation)**

134. Plaintiffs' claims (and those of putative class members) are barred, in whole or in part, to the extent that Defendants' conduct was not the actual or proximate cause of any alleged damage suffered by Plaintiffs (or putative class members). Any damages allegedly suffered by Plaintiffs (or putative class members) were caused in whole or in part by the acts or omissions of persons or entities other than Defendants.

**FOURTH DEFENSE**

**(Failure to Mitigate Injury)**

135. To the extent Plaintiffs (or putative class members) have suffered damages, Plaintiffs (or putative class members) have failed to take reasonable steps to mitigate those purported damages.

**FIFTH DEFENSE**

**(No Statutory Violation)**

136. Defendants did not substantively violate CIPA, including with respect to the named Plaintiffs (or putative class members).

**SIXTH DEFENSE**

**(Consent, Waiver, Estoppel)**

137. Plaintiffs' claims (and those of putative class members) are barred, in whole or in part, because any disclosure allegedly made by Defendants was made with any required consent of the relevant individual, and thus their claims are waived and/or estopped.

**SEVENTH DEFENSE**

**(Laches)**

138. Plaintiffs' claim (and those of putative class members) are barred in whole or in part, under the doctrine of laches.

**EIGHTH DEFENSE**

**(NCAA.com Terms of Service & Privacy Policy)**

139. Plaintiffs' claims (and those of the putative class members) are limited and/or barred, in whole or in part, by applicable provisions in the NCAA.com Terms of Service and Privacy Policy.

**NINTH DEFENSE**

**(Statute of Limitations)**

140. To the extent any claim is outside the one-year statute of limitations under CIPA, it is barred.

**TENTH DEFENSE**

**(Due Process & Excessive Fines)**

141. Plaintiffs' claims (and those of putative class members) are barred, in whole or in part, because the award of the requested statutory damages would violate Defendants' procedural and substantive due process rights and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

**ELEVENTH DEFENSE**

**(Suit May Not Proceed as a Class Action)**

142. Plaintiffs' claims on behalf of the putative class are barred because this case is not maintainable as a class action under Federal Rules of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein.

**TWELFTH DEFENSE**

**(No Cognizable Injury or Compensable Damages)**

143. Plaintiffs' claims (and those of putative class members) are barred, in whole or in part, because Plaintiffs' alleged injuries are not cognizable and/or the damages allegedly suffered are not compensable under the law.

**THIRTEENTH DEFENSE**

**(No Basis for Attorneys' Fees)**

144. Plaintiffs are barred from receiving at least part of the purported relief sought by the Complaint because there is no basis that would allow recovery of any attorneys' fees.

Dated: April 8, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

By: */s/ David R. Singh*
DAVID R. SINGH

DAVID R. SINGH
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 6th Floor
Redwood Shores, CA 94065-1134
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DAVID L. YOHAI (*pro hac vice*)
david.yohai@weil.com
BLAKE J. STEINBERG (*pro hac vice*)
blake.steinberg@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendants NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.