DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

Attorneys for Defendants NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.

(*Additional Counsel Listed on Signature Page*)

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAREN ANDERSON and VALERIA GONZALEZ,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.,<br><br>Defendants. | Case No. 2:25-cv-11576-MWC-MBK<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER**<br><br>Courtroom 6A, 6th Floor<br>Honorable Michelle Williams Court<br>Magistrate Judge Michael B. Kaufman |

## 1. GENERAL

1.1 Purposes and Limitations. Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

1.2 Good Cause Statement.

This Action is likely to involve proprietary, commercially sensitive, and/or otherwise private (*i.e.*, not generally or publicly known) information that is used in, or pertains to, individuals (including plaintiffs) or Defendants' businesses, for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential information consists of, among other things, confidential technical, research, development, commercial, financial, proprietary, or private information or material otherwise generally unavailable to the public (and the disclosure of which could cause harm to the Parties), or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the

Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2. DEFINITIONS**

2.1 Action: The term "Action" refers to the above-captioned litigation, *Anderson v. NCAA et al.*, No. 2:25-cv-11576-MWC-MBK (C.D. Cal.).

2.2 Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 Counsel: Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Confidential Information of a commercially sensitive nature such as a trade secret that a Designating Party determines, in good faith, is likely to cause significant competitive harm to its existing or prospective commercial relationships if disclosed to third parties or select employees or agents of the Receiving Party. Such Confidential Information may include, but not be limited to, non-public financial, marketing, strategic, organizational, operational, or competitive information, highly sensitive technical information relating to the design (including, but not limited to algorithms and software), development, research, testing, and production of products, and personally identifying information of any of Defendants' customers.

2.9 In-House Counsel: Attorneys who are employees of a Party to this Action or of its affiliated companies. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

2.12 Party: Any Party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that constitute or contain a trade secret or other confidential research, development, or commercial information, including but not limited to non-public technical, business, or financial information, marketing plans, customer lists, pricing and cost data, business plans, user information, and all information, documents, and things referring or relating to the foregoing, including copies, abstracts, and summaries of the same. The scope of this Order shall be understood to encompass not only Protected Material which is expressly designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and/or "CONFIDENTIAL," but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

## 3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge, or as otherwise agreed to by the Parties. This Order does not govern the use of Protected Material at trial.

**4. DURATION**

Once a case proceeds to trial, all of the court-filed information introduced that was previously designated as "CONFIDENTIAL" pursuant to this Order becomes public and will be presumptively available to all members of the public, including the press, and no longer subject to the terms of this Order, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. See Kamakana v. City and Cty. of Honolulu, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). The Parties will confer with each other and the Court with respect to the use of any materials previously designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in advance of trial, including any procedures to keep such materials from unnecessary disclosure.

For any Protected Material not introduced at trial (including in the event this Action reaches final disposition prior to trial) and counsel's archival copies of Protected Material as permitted under Section 14, this Protective Order shall survive even after final disposition, and remain binding throughout. Final disposition shall be deemed the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced or simultaneously with its disclosure or production.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" (hereinafter "Confidentiality Legend"), to each page that contains protected material.

If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "Confidentiality Legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) For testimony given in a deposition, that the Designating Party identify on the record before the close of the deposition, or in writing within thirty (30) days after receipt of the final transcript, all protected testimony and specify the level of protection being asserted. Unless agreed otherwise, the entire transcript shall be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until thirty (30) days after delivery of the final certified transcript. A Party shall give the other Party notice if it reasonably expects a deposition, hearing, or other proceeding to include Protected Material so that the other Party can ensure that only authorized individuals who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A), are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL."

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the Confidentiality Legend. If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1, et seq, as modified by Judge Kaufman's Procedures. *See* https://www.cacd.uscourts.gov/honorable-michael-b-kaufman. Any discovery motion must strictly comply with these procedures.

6.3 Burden. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.

6.4 Judicial Intervention. If the Parties are unable to reach an accord as to the proper designation of the material, the Challenging Party may initiate the dispute resolution process under Local Rule 37-1, et seq, as modified by Judge Kaufman's Procedures. *See* https://www.cacd.uscourts.gov/honorable-michael-b-kaufman.. If the Court grants leave for filing a motion, the Designating Party has the burden of

establishing that the designation is proper and will respond to the motion within fourteen (14) days unless ordered earlier by the Court. If no such motion is made, the material will retain its designation. Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of **"CONFIDENTIAL**" Protected Material.

Protected Material marked as "CONFIDENTIAL" may be disclosed by a Receiving Party only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, their staff, and their Professional Vendors;

(b) During the course of a deposition, any witness (and his or her counsel) if it appears that the witness authored or received the document or is referenced therein;

(c) During the course of a deposition, any witness (and his or her counsel) who counsel in good faith believes had involvement with and/or personal

knowledge of the facts, events, or circumstances described in the document and to whom disclosure is reasonably necessary;

(d) The Court, its technical advisor, its personnel, and the jury in this Action;

(e) Court reporters and their staff engaged for depositions, inspections, and other proceedings in this Action;

(f) The Parties and any officers, directors, employees (including In-House Counsel), and insurers of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) Professional jury or trial consultants and mock jurors, as well as other consultants and Professional Vendors, Experts, translators, or interpreters, excluding employees, officers, or directors of a named Party of or any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving CONFIDENTIAL materials, such persons or entities have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(i) Any other person the Designating Party consents to in writing; and

(j) Any other persons as the Parties may agree or may be ordered by the Court.

7.3 Disclosure of **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** Protected Material.

Protected Material marked "ATTORNEYS' EYES ONLY" may be disclosed by a Receiving Party only to:

(a) The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action, their staff, and their Professional Vendors;

(b) The Receiving Party's In-House Counsel;

(c) During the course of a deposition, any witness (and his or her counsel) may be shown or examined on a document if it appears that the witness authored, received, or is referenced therein;

(d) the Court, its technical advisor, its personnel, and the jury in this Action;

(e) Court reporters and their staff engaged for depositions, inspections, and other proceedings in this Action;

(f) Professional jury or trial consultants and mock jurors, as well as other consultants and Professional Vendors, Experts, translators, or interpreters to consult, testify, translate or interpret in this case, excluding employees, officers, or directors of a named Party of or any parent, subsidiary, or affiliate of any named Party, and provided that, prior to receiving HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials, such persons or entities have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(g) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions, provided the mediator or settlement officer does not retain a copy following the conclusion any such mediation or settlement discussions;

(h) Any other persons the Designating Party consents to in writing ; and

(i) Such other persons as the Parties may agree or may be ordered by the Court.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" or "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Confidential Information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Confidential Information, then the Party shall:

(1) promptly notify in writing the Receiving Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve or destroy all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

The production of privileged, work-product protected documents or information, or documents or information protected by any other claim of immunity or protection from disclosure, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall provide the maximum protection allowed by Federal Rule of Evidence 502(d).

If a Producing Party unintentionally or inadvertently discloses information that it believes is protected, privileged, or otherwise immune from discovery, the Party shall, within seven (7) business days upon discovery of the disclosure, so advise the Receiving Party in writing, request the information be returned. If that request is made, no Party to this Action shall thereafter assert on this basis that the disclosure waived any privilege or immunity. If a Receiving Party receives information that the Receiving Party believes may be subject to a claim of privilege or protection from discovery, the Receiving Party shall promptly identify the information to the Producing Party.

When a Producing Party or Receiving Party identifies such privileged or protected information, a Receiving Party: (1) shall not use, and shall immediately cease any prior use of, such information, but for the purpose of challenging the privilege designation; (2) shall immediately take reasonable steps to retrieve the information from others to which the Receiving Party disclosed the information; (3) shall immediately, and not later than seven (7) business days after receipt of the Producing Party's request, return to the Producing Party or destroy the information and destroy all copies thereof; and (4) shall confirm to the Producing Party the destruction under (3) above of all copies of the information not returned to the Producing Party. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived.

The Receiving Party may challenge the claim of privilege or protection by initiating the dispute resolution process under Local Rule 37-1, et seq, as modified by Judge Kaufman's Procedures. *See* https://www.cacd.uscourts.gov/honorable-michael-b-kaufman.

To the extent that any such inadvertently produced material has been used, included, referenced or summarized in a pleading, deposition or other proceeding, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information that has been used in good faith before a request for the return of the unintentionally produced material. Upon a request for return of the inadvertently produced material, the Receiving Party shall refrain from any further use or dissemination of the inadvertently produced material (but for the purpose of challenging the privilege designation) pending determination of the privilege status of the inadvertently produced material pursuant to this Order and all applicable laws and rules.

## 12. USE OF ARTIFICIAL INTELLIGENCE TOOLS

12.1 Definition. As used in this Order, "AI Tool" means any third-party or externally hosted software, platform, system, application, model, or service, including any generative, analytical, or large language model-based tool, that uses artificial intelligence, machine learning, or similar techniques to generate, analyze, summarize, translate, classify, or otherwise process content or data submitted to it.

12.2 General Prohibition. No Party, no Receiving Party, and no person to whom Protected Material is disclosed under Sections 7.2 or 7.3 shall input, upload, submit, transmit, or otherwise provide any Protected Material, or any information copied or extracted from Protected Material, to or into any AI Tool, except as expressly permitted by Section 12.3.

12.3 Permitted Use of Qualifying AI Tools. A Receiving Party may input Protected Material into an AI Tool only if, at the time of such use, the provider of the AI Tool is contractually bound, under terms enforceable by the Receiving Party and applicable to its account or use, to each of the following:

(a) not to store, retain, use, or incorporate any input, prompt, upload, or output to train, fine-tune, develop, or otherwise improve any model, product, or service;

(b) to use any input or output solely to provide the requested service to the Receiving Party in connection with this Action, and for no other purpose;

(c) not to disclose any input or output to any third party, except (i) where disclosure is essential to delivery of the service, in which case the third party must be bound by obligations no less protective than those required by this Order, or (ii) as required by law;

(d) to maintain data-security and confidentiality safeguards no less protective than those required by this Order; and

(e) to permanently delete or remove all Protected Material, together with all inputs and outputs derived from Protected Material, upon the Receiving Party's request.

12.4 Prohibited Tools. Notwithstanding Section 12.3, in no event may any Protected Material be input into any free, public, personal, or consumer-tier AI Tool, regardless of any representation, account setting, or opt-out the provider may offer.

12.5 Documentation and Verification. A Receiving Party that uses or intends to use an AI Tool under Section 12.3 shall retain written documentation of the contractual protections on which it relies and shall produce that documentation to the Designating Party within five (5) business days of a written request made in good faith. The Receiving Party bears the burden of establishing that an AI Tool satisfies Section 12.3. A Designating Party may challenge whether an AI Tool qualifies through the meet-and-confer and dispute-resolution procedure set forth in Section 6.2; pending resolution of any such challenge, the Receiving Party shall not input that Designating Party's Protected Material into the challenged AI Tool.

## 13. MISCELLANEOUS

13.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3 Filing Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under

seal. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14. FINAL DISPOSITION

After the final disposition of this Action, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

## 15. VIOLATION OF ORDER

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**.

Dated: September 1, 2026

Respectfully submitted,

WEIL, GOTSHAL & MANGES LLP

*/s/ David R. Singh*

DAVID R. SINGH (Bar No. 300840)
david.singh@weil.com
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway, 4th Floor
Redwood Shores, CA 94065
Telephone: (650) 802-3000
Facsimile: (650) 802-3100

DAVID L. YOHAI (admitted *pro hac vice*)
david.yohai@weil.com
SARAH RYU (admitted *pro hac vice*)
sarah.ryu@weil.com
BLAKE J. STEINBERG (admitted *pro hac vice*)
blake.steinberg@weil.com
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NE 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

Attorneys for Defendants NATIONAL COLLEGIATE ATHLETIC ASSOCIATION and TURNER SPORTS INTERACTIVE, INC.

Dated: September 1, 2026

Respectfully Submitted,

KAHN SWICK & FOTI, LLC

*/s/ Kim E. Miller*

Kim E. Miller (SBN 178370)
kim.miller@ksfcounsel.com
1901 Avenue of the Stars, 2nd Floor
Los Angeles, California 90067

Telephone: (504) 455-1400

Melissa H. Harris (admitted *pro hac vice*)
melissa.harris@ksfcounsel.com
1100 Poydras Street, Suite 960
New Orleans, LA 70163
Telephone: (504) 455-1400

*Counsel for Plaintiffs and the Putative Class*

**ATTESTATION UNDER LOCAL RULE 5-4.3.4**

I, David R. Singh, attest that the above-listed signatories on whose behalf this document is being filed have concurred in the filing's content and have authorized the filing.

Dated: September 1, 2026

/s/ *David R. Singh*
David R. Singh

**IT IS SO ORDERED.**

DATED: Sept. 2, 2026

MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE

Exhibit A

Acknowledgement and Agreement to Be Bound

I, ______________________________ [print or type full name], of ___________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Anderson v. NCAA et al*., No. 2:25-cv-11576-MWC-MBK (C.D. Cal.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order.

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed name: ________________________________

Signature: ___________________________________